**Katherine LOPEZ, individually and on behalf of all other similarly situated current and former employees of Wendy's International, Inc., Plaintiff–Appellee,**

v.

**WENDY'S INTERNATIONAL, INC., Defendant–Appellant.**

No. 13–55529.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2013.*

Filed May 17, 2013.

Matthew J. Matern, Rastegar Law Group, Torrance, CA, for Plaintiff–Appellee.

---

* The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Mark D. Kemple, Esquire, Greenberg Traurig LLP, Los Angeles, CA, Roger Scott, Greenberg Traurig, LLP, Irvine, CA, Karin Bohmholdt, Greenberg & Traurig LLP, Santa Monica, CA, for Defendant–Appellant.

did not strip the district court of jurisdiction. *See id.* The dismissal of these claims is not an exception to the "general rule" of "once jurisdiction, always jurisdiction." *Id.* at 1092 n. 3.[1]

REVERSED AND REMANDED.

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

## MEMORANDUM **

Wendy's International, Inc. appeals the order of the district court remanding this case to state court. The remand order came after the district court dismissed the last remaining representative or class claims in the complaint.

We have jurisdiction to review the remand order under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1453(c). We review the remand order de novo. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.,* 602 F.3d 1087, 1090 (9th Cir.2010).

In the context of diversity jurisdiction under CAFA, *see* 28 U.S.C. § 1332(d)(2), "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel,* 602 F.3d at 1091–92. In this case, there is no dispute that the district court had jurisdiction at the time of removal. Accordingly, the subsequent dismissal of the representative and class action claims

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Wendy's Motion for Leave to File a Reply to Respondent's Brief is denied as moot.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).